**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**Criminal Action No. 3:96-CR-3 (BAILEY)**

**OSCAR HERNANDEZ**,

Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 24, 2012 ORDER

Pending before this Court is the defendant's *pro se* Motion for Reconsideration of the Court's August 24, 2012 Order [Doc. 122], filed on September 10, 2012. The defendant seeks reconsideration of this Court's Order [Doc. 120], which denied his Motion to Modify or Reduce Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c) [Doc. 118]. In his motion, the defendant requests rulings on two other bases for relief.

On August 24, 2012, this Court denied the defendant's motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is

1

consistent with the applicable policy statements issued by the Sentencing Commission."

In denying the motion for reduction, this Court found that under the 2011 Sentencing Guidelines, the offense level for a continuing criminal enterprise did not change, but remained at level 38. Accordingly, this defendant was not "sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." See Doc. 120. Additionally, had the guideline for continuing criminal enterprise not applied, the defendant's guideline base level would have been 36. Accordingly, it is clear that the defendant's sentence was based upon the continuing criminal enterprise guideline. Id.

In his motion, the defendant alternatively sought relief pursuant to 28 U.S.C. § 2243, which relates to post-conviction rehabilitation. This provision, however, is not applicable to the very limited avenues for relief stated above.

Additionally, the defendant sought a reduction pursuant to 18 U.S.C. 3582(c)(1)(B), which applies to modification under Federal Rule of Criminal Procedure 35. Rule 35, however, is also not applicable to this case.

For the reasons stated above, the defendant's *pro se* Motion for Reconsideration of the Court's August 24, 2012 Order **[Doc. 122]** is **GRANTED IN PART** to the extent that this Court has given full consideration to each of the defendant's alternative theories of relief, but the same is **DENIED** insofar as no such relief is warranted.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* defendant.

**DATED:** September 11, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE